LECOUTOUR BROTHERS STAIR MANUFACTURING COMPANY, Appellant, v. J. S. MADDOX et al., Respondents.

Kansas City Court of Appeals, December 19, 1904.

1. MECHANICS' LIENS: Completion of Building: Time of Filing Lien. When a building is substantially completed and is accepted the contractor cannot afterwards, against the will of the owner, provide some part called for in the contract but omitted in the construction, and thereby extend the time for filing his lien.

2. ——: ——: ——: Evidence. Where there is a dispute in regard to the necessity of certain items in a lien account being extras, necessitated by a change in the plans, which became necessary to complete the building, it is error to give a peremptory instruction for the defendant, but it should be submitted to the jury to determine whether they were necessary and so extended the time for filing lien account.

Appeal from Cooper Circuit Court.—*Hon. James E. Hazell*, Judge.

REVERSED AND REMANDED.

*W. M. Williams* and *W. W. Kingsbury* for appellant.

(1) Plaintiff offered substantial evidence to sustain its suit. The court can not withdraw such evidence from its consideration by a peremptory instruction. Every proposition contended for by respondent in the trial below is contradicted by the testimony of plaintiff's witnesses. Where there is any substantial

evidence to support a case, it is error to sustain a demurrer, and for this reason the cause will be remanded. Lumber Co. v. Christopher, 62 Mo. App. 98; Blanke v. Dunnermann, 67 Mo. App. 597; Suddarth v. Robinson, 118 Mo. 293; Patterson v. Railroad, 47 Mo. App. 572; Rosenbaum v. Gilliam, 101 Mo. App. 126. (2)   It is immaterial when the materials should have been delivered.   The account accrued when the indebtedness became complete, and it is considered complete when the last labor is performed or the last of the material is furnished.   Coal Co. v. Ryan, 48 Mo. 516; Miller v. Whitelaw, 28 Mo. App. 639.   (3)   The conflict in the evidence as to the particular dates upon which certain of the "extras" were delivered, is also immaterial. The testimony conclusively shows that they were furnished between the time when the account began to run and the date when the account accrued.   Mesker v. Cutler, 51 Mo. App. 344; Hayden v. Wulfing, 19 Mo. App. 353; McDermott v. Claas, 104 Mo. 23; Mill Co. v. Allison, 138 Mo. 51.   (4)   Under the law and the evidence, plaintiff is entitled to a judgment enforcing the lien.   Lumber Co. v. Meyers, 87 Mo. App. 671; Miller v. Whitelaw, 48 Mo. App. 639; Bruns v. Braun, 35 Mo. App. 337; Extinguisher Co. v. Schwartz Bros., 165 Mo. 171.

*John Cosgrove* for respondents.

(1)   Upon the record, the judgment of the trial court should be affirmed.   The judgment is for the right party.   R. S. 1899, sec. 865; Vogg v. Railroad, 138 Mo. 181.   (2)   The judgment is the only one that could have been rendered on the evidence, and although the instruction if incorrect, the judgment should nevertheless be affirmed.   Greer v. Bank, 128 Mo. 575.   (3)   The transoms charged under date of January 23, 1903, although ordered by Maddox at an earlier date, and agreed to be delivered by the appellant at such prior

date, could not extend the time for filing a lien against respondent's house, in consequence of the omission of the appellant to deliver them as ordered, and although such failure to deliver was unintentional, this will not extend the time of the accruing of the indebtedness and thereby extend the time within which to file the lien account. Drey v. Ridpath, 60 Mo. App. 134; Mfg. Co. v. Burns & Co., 59 Mo. App. 391. (4) The building in this case was accepted by the respondent as completed long before January 23, 1903, and Maddox had no authority after that at his own instance, to make any admission or to create any indebtedness with the appellant which would bind the property of the respondent, although the transoms charged in the items under date of January 23, should have been furnished by him under his contract with respondent. Extinguisher Co. v. Elevator Co., 165 Mo. 180.

BROADDUS, J.—This is a suit by a subcontractor to enforce a mechanic's lien for materials furnished. The only question raised by the parties is, whether the lien was filed within four months from the time the work was completed.

Maddox contracted with Dauwalter to do the carpenter's work on the construction of his building according to certain plans and specifications. Maddox then contracted with plaintiff, whose place of business was in St. Louis, who agreed to furnish the materials included in his itemized statement for the sum of $1,198. These materials were furnished on August 9th and October 10, 1902. Other materials were ordered by Maddox at different times during the progress of the work. There was evidence tending to show that such extra materials became necessary by reason of changes in the plans and materials made by Dauwalter. They were delivered at various dates between October, 1902, and the 23d of January, 1903, and are charged as extras.

It is not disputed that Dauwalter moved into the house before it was completed. But it is insisted by him that the house was substantially completed. Yet, there was evidence to the effect that after he moved into the house he occupied only the upper story and that it was not until late in January that the mantels had been set, the floors laid, the scotia put upon the stairs, the transoms placed and the house finished.

The last item for work done was shipped from St. Louis January 23. The lien was filed on the 1st day of May, 1903—within four months from said last named date. The lien account consists of items for the material (which was mill work) originally ordered by Maddox, the last of which was shipped from St. Louis October 10th. The materials charged as extras in the account were furnished at different times from October 10th until December 31st except the last in dispute which was furnished January 23rd, as before stated. The charge for these extras is $140.72. The account is credited by cash $500 August 20th and $500 October 17th. There are several other credits for articles not used dated April 18, 1903, which reduced the sum charged for extras to $102.35.

It will be seen from the statement of the articles for extras, including the last for transoms, that if they are not a proper charge against the building, there was no lien. In regard to this last item, the defendant and his witnesses testified that they were provided for in the original plans and specifications. The plaintiff's witnesses testified to the contrary, and that they were furnished as extras.

At the close of all the evidence the court sitting as a jury gave a declaration that the finding ought to be for the defendant, and accordingly so found. Plaintiff appealed.

The general rule is that the lien must be filed within four months from the time the work is done or the materials furnished in order to comply with the

statute. There is no dispute but what the last item of plaintiff's account was furnished within the proper time. It is not denied but what the transoms that constituted the item were furnished by plaintiff at the request of the contractor and were used in the building.

But it is contended by the defendant that the house had been substantially completed at the time they were furnished, and that it had been received and occupied by him; that the transoms were not furnished to him but to another person; that he had them put in himself; and that the object of having them included in the lien was to bring plaintiff's account within the time limited by the statute.

Much of the work was done after defendant had moved into and was occupying the building. There was no evidence to show that it had been tendered and accepted by him as completed when he moved into it. The case does not therefore fall within the rule as insisted by defendant and announced in Fire Extinguisher Co. v. Farmers' Elevator Co., 165 Mo. 171, where the court said that, "when the building is substantially completed and the contractor tenders it as complete and it is accepted as such by the owner, the contractor can not afterwards, at his own instance, and against the will of the owner, perform some part that was called for in the contract, but which has been omitted in the construction, and thereby extend the time for filing his lien."

But as there was evidence tending to show that the material mentioned in the bill of extras was necessitated by a change in the plans and specifications in some particulars, and that said extras, including the transoms, were necessary to complete the building, it was error to disregard such evidence. As that was a disputed fact there should have been a finding one way or the other, and consequently the declaration of law should not have been given.

As we view the case the sole issue between the par-

ties is whether the said extras, including the transoms, were necessitated and furnished to complete the building because of the modifications in the original contract.

Reversed and remanded. All concur.